# Steel *v.* Linn, Appellant.

*Wills—Trusts and trustees—Rule in Shelley's case—Dry trusts—Fee simple estate.*

Where a testator gives all his estate to his wife for life and upon her death "then all of said property to be eaquely divided between my Four Children [naming them] dureing their Natural lives then said property to be divided eauqly Among their natural Heirs, and I do hereby appoint H. the trustee of my Four Children," the children take a vested fee in remainder. The naming of the trustee created a dry trust which was executed by the statute so as to give to the children a legal and not an equitable estate, and the devise over being a legal estate, the two coalesced under the rule in Shelley's case.

Argued March 27, 1911. Appeal, No. 61, Oct. T., 1911, by defendant, from judgment of C. P. No. 4, Allegheny Co., Third Term, 1910, No. 229, for plaintiff on case stated in suit of Amelia R. Steel v. Peter Linn. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Case stated to determine marketable title to real estate.

SWEARINGEN, P. J., filed the following opinion:

Peter Wilbert died testate, June 29, 1880, seized in fee of certain real estate, described in the case stated, situate in the borough of Carnegie, Allegheny county, Pennsylvania. He left a will dated June 28, 1880, which was duly probated after his death, and the same now remains on file in the register's office of said county of Allegheny, and is recorded in Will Book, vol. 22, p. 604. In said will the testator provided, inter alia, as follows:

"Second. I give and bequeath to (Christina Lightner) now my beloved wife all my real personal and mixed property to have and to hold the same for the balance of her natural life, for her own use and behoof and at her death then all of said property to be eaquely divided between

my Four Children, Peter, George, Chatharine, Menerva dureing their Natural lives then said property to be divided eauqly Among their natural Heirs, and I do hereby appoint William Hill Esq. the trustee of my Four Children and I do further appoint W. J. Steen and A. J. McQuitty my executors."

The said Christina Wilbert, widow of said testator, died May 20, 1882. William Hill, named as trustee in said will, never accepted said trust nor attempted to perform any duties as trustee.

By deed of general warranty, dated December 10, 1886, and duly recorded, the said four children, mentioned in said will, conveyed said real estate in fee simple to Winifred Thomas; and that title is now vested in Amelia R. Steel, the plaintiff.

By written agreement dated March 9, 1910, the plaintiff and her husband agreed to sell and convey the aforesaid real estate, in fee simple, unto Peter Linn, the defendant, on or before March 31, 1910, for the consideration of $8,250, of which $50.00 was paid in cash upon the execution of the agreement, and the remainder was to be paid on or before March 31, 1910. On March 30, 1910, the plaintiff tendered the defendant a proper deed for said real estate and demanded the balance of the purchase money. The defendant refused to accept the deed and to pay the balance of purchase money, alleging that the plaintiff did not have a good and marketable title to said real estate. This suit was then brought to recover said sum of $8,200. The parties have agreed upon a case stated, wherein they have stipulated that, if, in the opinion of the court, the said four children of Peter Wilbert, deceased, took title in fee to said real estate, judgment shall be entered in favor of the plaintiff for the sum of $8,200; but if, in the opinion of the court, the said four children did not take title in fee, that judgment shall be entered in favor of the defendant.

Two questions were submitted for decision upon the argument:

(1) Did the appointment of William Hill as trustee prevent the application of the rule in Shelley's case?

(2) Did the said four children of the testator take an estate in fee under the rule in Shelley's case, or did they take a life estate only?

1. We do not regard the naming of William Hill as trustee for the children of Peter Hill as having any effect upon the construction of the devise to them. No object for the creation of a trust was specified in the will, nor were any duties prescribed for the trustee either with respect to the beneficiaries or with respect to the property devised. The trustee never did accept the appointment, and he never performed any duties thereunder. The trust was a dry or passive trust, pure and simple, and it was executed by virtue of the statute of uses. Therefore, the estate which the said children took was a legal, not an equitable, one, and the devise over, being a legal estate, the two can coalesce, under the rule in Shelley's case.

2. What was the estate which these children took under the said will? The rule in Shelley's case is a rule of law and is not merely a rule of construction of the language of a will. The question always is, Has the testator used language which brings the case within the operation of the rule? If he has done so, his supposed, or even declared, intentions are of no importance: Hileman v. Bouslaugh, 13 Pa. 344; Kleppner v. Laverty, 70 Pa. 70; Curry v. Patterson, 183 Pa. 238.

It seems clear to us that this testator has used language which brings the interpretation of this will within the rule in Shelley's case. After the widow's life estate terminated, the testator divided the remainder equally among his four children for their lives, and then directed that it should be divided equally among their natural heirs. In other words, the share of each ancestor should go to his respective heirs equally. This is not a mode of distribution contrary to the intestate laws, but it is in accordance with them: Appeal of Cockins, 111 Pa. 26. Therefore, the rule in Shelley's case applies, and the four

children of Peter Wilbert took title to said real estate in fee: Reutter v. McCall, 192 Pa. 77; McCann v. Barclay, 204 Pa. 214.

#### ORDER.

And now, to-wit, December 31, 1910, being of opinion that the law is with the plaintiff, it is ordered that judgment be entered in favor of Amelia R. Steel, the plaintiff, against Peter Linn, the defendant, in the sum of $8,200.

*Error assigned* was in entering judgment for plaintiff for $8,200.

*John L. Prestley*, with him *Harry J. Nesbit* and *James E. Little*, for appellant.

*Herbert R. Hahn*, with him *Lyon & Hunter* and *Harrison Bock*, for appellee.

PER CURIAM, May 17, 1911:

The judgment is affirmed on the opinion of the learned president judge of the common pleas.